UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO PINEDA,

    Petitioner,

v.                                     Case No: 2:15-cv-175-FtM-29CM
                                         Case No. 2:09-CR-77-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion to Vacate, Correct, or Amend the Petitioner's Sentence Under 28 U.S.C. Section 2255 (Cv. Doc. #1; Cr. Doc. #560)[1] and Affidavit (Cv. Doc. #2) filed on March 13, 2015. The government filed a Response in Opposition to Motion (Cv. Doc. #7) on May 12, 2015.

**I.**

On October 27, 2009, a federal grand jury in Fort Myers, Florida returned a five-count Superseding Indictment (Cr. Doc. #104) charging petitioner and others with conspiracy to manufacture and possess with intent to distribute 1000 or more

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

marijuana plants, and to distribute and possess with intent to distribute 100 or more kilograms of marijuana, and with substantive offenses.  Petitioner was named in Count Four charging him with the manufacturing and possession with intent to distribute 100 or more marijuana plants, but was not named in the other counts.

On April 23, 2010, petitioner appeared before a magistrate judge for a change of plea hearing. (Cr. Doc. #260.)  No plea agreement was entered into or filed.  In advance of the hearing, the government filed a Notice of Penalties, Elements and Facts (Cr. Doc. #256) indicating that the conspiracy in Count One carried a minimum mandatory of 10 years up to life incarceration, and Count Four carried a minimum mandatory of 5 years up to 40 years of incarceration.  Petitioner declined to admit to the necessary factual basis, and the plea was rejected by the Magistrate Judge.

On May 18, 2010, petitioner proceeded to trial with co-defendants Herman Torres, Ivan Curbelo, Manuel Torres, and Francisco Arevalo.  (Cr. Doc. #306.)  After eight days, the jury returned a Verdict of guilty on both counts charged against petitioner.  (Cr. Doc. #326.)  On August 16, 2010, the Court issued an Opinion and Order (Cr. Doc. #384) denying petitioner's Motion for a New Trial.  On September 13, 2010, the Court sentenced petitioner to a term of imprisonment of 120 months on each count, to be served concurrently, followed by a term of supervised

release. (Cr. Doc. #415.)  Judgment (Cr. Doc. #419) was filed on September 14, 2010.  Petitioner filed a Notice of Appeal (Cr. Doc. #422), and the Eleventh Circuit affirmed the conviction on August 9, 2013.  United States v. Pineda, 532 F. App'x 863 (11th Cir. 2013).  Petitioner petitioned for a writ of certiorari, which was denied on October 7, 2013.  Pineda v. United States, 134 S. Ct. 356 (2013).

On August 12, 2016, the Court denied a motion for the retroactive application of Amendment 782 to the United States Sentencing Guidelines because petitioner was sentenced to a statutory minimum mandatory sentence.  (Cr. Doc. #585.)

**II.**

Petitioner filed his motion under § 2255 on March 23, 2015. Petitioner argues that the Assistant United States Attorney and his "assistances" visited him in jail to present a copy of a plea agreement, convinced him to plead guilty, and that he was told that he would appear for sentencing in April 2010. (Cv. Doc. #1, p. 2.)  Petitioner states that he notified his counsel of the county jail meeting, but that counsel instead asked him if the prosecutor had failed to explain the plea agreement, and counsel did not alert the Court of the prosecutorial misconduct. Petitioner filed an Affidavit (Cv. Doc. #2) regarding the substance of their discussion.  On April 23, 2010, petitioner appeared for

a change of plea hearing without the benefit of a plea agreement. Petitioner argues that he did not have time to review the agreement with his attorney, and that the plea agreement was not translated into Spanish during an exchange in county jail. Petitioner argues that his attorney's negligence caused him to proceed to trial. Petitioner also argues that counsel failed to request a finding with regard to the drug quantity because the entire amount was attributed to him as part of the conspiracy and he only knew about 150 kilograms of marijuana.

Federal prisoners whose convictions became final after April 24, 1996, the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In this case, petitioner filed a petition for certiorari, therefore he had through October 7, 2014, one year from the denial of the writ, to file his federal habeas petition. Giving petitioner the benefit of the mailbox rule[1], the motion under § 2255 was placed into the prison mail system on March 11, 2015.  (Cv. Doc. #1-1.)  As a result, the motion is untimely from the date petitioner's conviction became final, and is due to be dismissed.  28 U.S.C. § 2255(f)(1).

**III.**

Petitioner's Motion may still be considered on the merits if equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f).  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  See also Holland v. Florida, 130 S. Ct. 2549 (2010) (holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling).  A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland, 130 S. Ct. at 2562.  See also Sandvik, 177 F.3d at 1271; San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir.

---

[1] "[A] prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted).

2011). The diligence required is reasonable diligence, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin, 633 F.3d at 1267. Serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute "extraordinary circumstances" which would justify equitable tolling of a movant's § 2255 motion. Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008); see also Holland, 130 S. Ct. at 2564 (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect").

Petitioner asserts simply that his motion is timely filed and should be considered. Petitioner presents no argument of impediment, let alone one involving extraordinary circumstances as to why the Court may review the motion. Since there are no extraordinary circumstances that would justify tolling in this case, the Court finds that equitable tolling does not apply and the motion must be dismissed as time-barred.

The Court notes that there was no plea agreement in this case, and the jury specifically found petitioner guilty of 1000 or more marijuana plants and 100 kilograms or more of marijuana when presented with quantity options for the conspiracy charged in Count

One. The Court finds that the narrow "actual innocence" exception also does not apply such that petitioner could overcome the procedural hurdle. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #560) is **DISMISSED** as time-barred.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282

(2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of October, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Petitioner
AUSA